IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARITY D. CALLOWAY,       :<br>          Plaintiff,       : | |
| :  | |
| v.                              : | CIVIL ACTION NO. 25-CV-0400 |
| :  | |
| VILLANOVA UNIVERSITY,   : <br>          Defendant.       : | |

MEMORANDUM

**COSTELLO, J.**                                                                                          **FEBRUARY  7 , 2025**

Plaintiff Charity D. Calloway initiated this *pro se* civil action alleging claims of employment discrimination against Villanova University.  Calloway also filed a motion to proceed *in forma pauperis*, as well as a motion for appointment of counsel.  For the following reasons, the Court will grant Calloway leave to proceed *in forma pauperis*, dismiss the Complaint without prejudice to allow Calloway an opportunity to file an amended complaint, and deny her request for appointment of counsel.

**I.       FACTUAL ALLEGATIONS**[1]

Calloway used the Court's form complaint for alleging employment discrimination to plead her claims.  (*See* Compl. at 4-8.)  By checking the appropriate locations on the form Complaint, Calloway brings claims of racial discrimination under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-2000e-17, as well as the Pennsylvania Human Relations Act ("PHRA").  (*Id.* at 4.)  She listed the following as the discriminatory conduct of which she complains -- "failure to hire me" and "other," which she describes as "Potential

---

[1] The following allegations are taken from the Complaint and documents attached to the Complaint.  The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

collusion with former employer – Civil case 24-cv-6230, as the job offer rescinded immediately following end of employment with Defendant in case referenced here." (*Id.* at 6.)

Calloway indicates on the form complaint that she is African American and that Villanova discriminated against her based on her race. (*Id.*) She further claims that Villanova retaliated against her after she filed an incident report against one of its staff members based on an event that occurred during "pre-employment procedures." (*Id.*) Calloway alleges that Defendant rescinded the job offer "as a result of the alleged discrimination and retaliation." (*Id.*) In support of these allegations, she incorporates by reference a Charge of Discrimination that she submitted to the Equal Employment Opportunity Commission. (*Id.* at 6, 10-12.)[2]

In the EEOC Charge, Calloway alleged that she was offered a wait staff position in Villanova's catering department on or around October 5, 2023. (*Id.* at 10.) She explained that she believed that Villanova discriminated against her "based on [her] race, treated [her] in an unfair and hostile manner, harassed and racially profiled [her] throughout the entire pre-employment process." (*Id.*) According to Calloway, she completed Defendant's pre-employment background checks and clearances, including FBI fingerprinting, and provided all requested documents. (*Id.*) She asserted that "[a]mongst the [Villanova's] staff who conducted the procedures," she was the only person of color. (*Id.*) On September 26, 2023, she was "made to wait well past the scheduled interview time without communication from the hiring manager, who later stated they didn't see" Calloway. (*Id.*) She further claimed that on October 24, 2023, Carolyn MacKay, who Calloway identified as "the Respondent's fingerprint staff," was "overly insistent" that Calloway provide her with "a form of identification other than what was required

---

[2] Calloway also attached to her Complaint a copy of the EEOC's Notice of Right to Sue Letter dated October 22, 2024. (Compl. at 13-15.)

2

by the FBI fingerprint instructions and refused to accept" Calloway's "correct form of government-issued identification" until Calloway asked to speak with MacKay's supervisor. (*Id.*) As alleged, "the staff" continued to act "in a nonstandard manner" by taking Calloway's photo before she was fully seated in a chair and mishandling her "sensitive, identifying information." (*Id.*) She contended that she was "greatly mischaracterized and mislabled as manipulative and combative" by Shannan Ott of Defendant's Human Resources department when Calloway "rightly disputed deceptive information reported by their third-party background screening company HireRight." (*Id.* at 10-11.) Calloway avers that Defendant was "satisfied with HireRight misreporting" her then-current employment "as a discrepancy – which was relevant work experience for the job offered." (*Id.* at 11.) She also claims that Defendant replaced her current resume with an outdated resume and refused to correct the error. (*Id.*) Calloway asserts that "the staff" became "repeatedly hostile and unreasonably angry" when she tried to correct the inaccuracies. (*Id.*)

Calloway further alleged in the ECCO Charge that she filed an "incident report" on October 24, 2023, with the on-campus public safety department about the events that occurred during the fingerprinting process. (*Id.*) She claimed that she was contacted on November 8 "for a start date" and that Defendant withdrew the job offer on November 14, indicating that their hiring needs had changed. (*Id.*) According to Calloway, Villanova was aware that she had just ended her prior employment, and Villanova's decision to withdraw the job offer was retaliatory, discriminatory, and "potentially based in fraud." (*Id.*) She also alleged in the EEOC Charge that the failure to hire her was defamatory "as it gives the wrong impression" that she did not pass the background checks. (*Id.*) Calloway concluded that Villanova discriminated against her and

retaliated against her based on her race. (*Id.*) Based on these allegations, Calloway currently seeks monetary relief, as well as to be hired by Defendant. (*Id.* at 8.)

## II.     STANDARD OF REVIEW

Because Calloway appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). While a plaintiff need not allege a *prima facie* case to state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009); *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed

to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

Federal law "proscribe[s] discrimination in employment based on several personal characteristics" including race. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing, *inter alia*, 42 U.S.C. § 2000e-2(a)); *see also Atkinson v. Lafayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (claims under the PHRA are interpreted coextensively with their federal counterparts). A plaintiff in an employment discrimination action may establish a *prima facie* case either through direct evidence of discrimination, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985), or based on circumstantial evidence through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. The *McDonnell Douglas* framework provides that a plaintiff must show: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp.*, 411 U.S. at 802. A plaintiff seeking to state a claim for retaliation under Title VII must allege that: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a

causal link exists between her protected conduct and the employer's adverse action. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Calloway's Complaint does not present plausible claims because her allegations are conclusory. She claims that she is African American and Villanova's staff who conducted the pre-employment process were not; that she was made to wait past the scheduled interview time on September 26; that Ms. MacKay was "overly insistent" on October 24 that Calloway provide another form of identification; that her photo was taken before she was fully seated; and that she was "mischaracterized and mislabeled as manipulative and combative." (*See* Compl. at 10-11.) Calloway also contends that Villanova replaced her current resume with an outdated resume, refused to correct the error, and "the staff" became hostile and angry when Calloway tried to correct the inaccuracy. (*Id.* at 11.)

"[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler*, 578 F.3d at 211 (quotations omitted). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly*, 809 F.3d at 786. Calloway's Complaint alleges discrimination on the basis of her race, but she does not plead facts that plausibly connect her race to the determination not to hire her, nor does she plausibly allege that she engaged in protected conduct and that Villanova refused to hire her because she did so. Further, her allegations do not raise a reasonable expectation that discovery will reveal evidence that the failure to hire her was based on her race. Thus, Calloway's Complaint does not meet the pleading standard for bringing Title VII claims.

Having reviewed Calloway's submission in its entirety and construing the allegations in the Complaint liberally, the Complaint in its current form falls short of presenting plausible claims. Absent sufficient factual allegations explaining how that discriminatory conduct was motivated by Calloway's race, or how a protected activity caused an adverse action, the Complaint will be dismissed for failure to state a claim. *See, e.g., Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003) ("The central focus of the *prima facie* case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin.") (cleaned up); *Jean-Pierre v. Schwers*, 682 F. App'x 145, 147 (3d Cir. 2017) (*per curiam*) (affirming dismissal of race discrimination claim because plaintiff failed to plead facts that would plausibly support an inference of intentional discrimination).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Calloway leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, Calloway's motion for appointment of counsel (ECF No. 3) will be denied without prejudice as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

An appropriate order follows, which contains additional instructions as to amendment.

BY THE COURT:

*/s/ Mary Kay Costello*
**MARY KAY COSTELLO, J.**